

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 SEP -9 PM 2: 26

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEWEY MACK EVANS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0201 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT and
## MOTION TO AMEND RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

Came for consideration petitioner's "Motion for Relief from a Judgment or Order" filed February 9, 2015. By this motion, petitioner seeks relief from the Order Overruling Objections, Adopting Report and Recommendation, and Dismissing Petition for a Writ of Habeas Corpus, and the corresponding Judgment, entered March 13, 2014. On February 24, 2015, petitioner filed a motion to amend the instant motion seeking to add two (2) affidavits.[1] For the reasons set out below, the United States Magistrate Judge is of the opinion petitioner's motion for relief and motion to amend should be DENIED.

### I.
### PROCEDURAL HISTORY

On August 19, 2010, petitioner filed his federal Petition for a Writ of Habeas Corpus by a

---

[1] The court will treat the motion to amend as a motion to supplement.

HAB54\R&R\EVANS-201.RULE60:1,2

Person in State Custody challenging his 2007 aggravated kidnaping conviction and resultant 80-year sentence out of the 47th Judicial District Court of Randall County, Texas. On or about the same date, petitioner also filed a state petition for habeas corpus challenging his Randall County conviction. Petitioner had not exhausted his state court remedies at the time of his federal habeas filing and his request for the federal petition to be stayed and held in abeyance so he could exhaust his state court remedies was granted. The case was re-opened after the state court denied relief.

Under one of his grounds, petitioner alleged trial counsel was ineffective for failing "to call available witnesses at punishment." In a brief in support of his habeas application, petitioner identified only one of the "available witnesses" he contended counsel should have called to present mitigation evidence, to wit: his nephew. Petitioner alleged trial counsel could have called the nephew "to testify in mitigation of punishment," that the nephew was "in the courtroom everyday of the trial and was willing to offer testimony," and that the jury "may have sentenced [him] to less time if they heard some mitigation testimony."

On February 13, 2014, the undersigned United States Magistrate Judge entered a Report and Recommendation to deny petitioner's federal habeas application on the merits. In the Report and Recommendation, in the introductory paragraph of the section addressing petitioner's claims of ineffective assistance of trial counsel, the undersigned identified petitioner's claim of failing to present any mitigation testimony at the punishment phase of the trial. The undersigned, in a footnote, stated:

> Petitioner's allegations regarding the presentation of mitigation testimony during the punishment phase of trial was not presented in any state proceeding and is not exhausted for federal habeas corpus purposes.

*Report and Recommendation to Deny Petition for a Writ of Habeas Corpus*, at 10 n. 1. The undersigned then addressed, in detail, the merits of petitioner's ineffective assistance of counsel

claim for failing to call the only mitigation witness petitioner had identified in his brief, *i.e.*, his nephew. *Report and Recommendation to Deny Petition for a Writ of Habeas Corpus*, at 12. Critically, the undersigned found petitioner's claim to be without merit because petitioner offered no evidence of what his nephew would have said if called to the stand, or how any testimony from his nephew would have been favorable and resulted in a lesser sentence for petitioner.

On March 12, 2014, petitioner filed objections to the Report and Recommendation. On March 13, 2014, the United States District Judge entered an Order Overruling Objections, Adopting Report and Recommendation, and Denying Petition for a Writ of Habeas Corpus, together with a corresponding Judgment. On May 9, 2014, petitioner filed a Notice of Appeal. On December 8, 2014, the United States Court of Appeals for the Fifth Circuit denied petitioner's motion for a Certificate of Appealability. On February 9, 2015, petitioner filed the motion for relief from the judgment, followed by the motion to amend/supplement on February 24, 2015. It does not appear petitioner presented the argument he advances now in his objections to the Report and Recommendation.

## II.
## PETITIONER'S MOTIONS FOR RELIEF AND TO AMEND/SUPPLEMENT

By his motion for relief and his motion to amend, petitioner seeks relief from this court's denial of his habeas petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, he seeks relief alleging this court erred in finding petitioner's allegations regarding the presentation of any mitigating evidence were unexhausted. As outlined above and as is set out below, the court did not deny relief based upon any procedural bar or failure to exhaust. Instead, the merits of petitioner's claims were addressed. For that reason his Rule 60(b) motion should be denied.

Under Rule 60(b), a litigant may move for relief from a final judgment, order, or proceeding due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In a federal habeas proceeding, "a Rule 60(b) motion is not to be treated as a successive habeas petition if the motion attacks a defect in the integrity of the federal habeas proceedings and does not raise a new ground for relief or attack the district court's resolution of a claim on the merits." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 530-532, 125 S.Ct. 2641, 2647-2648 162 L.Ed.2d 480 (2005)). In other words, when a petitioner seeks relief from a judgment denying his petition as unexhausted and does not raise any substantive claims, but rather only challenges the determination that his claim was exhausted, his Rule 60(b) motion is not a successive petition. *See Gonzalez*, 545 U.S. at 533, 125 S.Ct. at 2648.

Petitioner's claim that this court denied relief based upon failure to exhaust is without merit. The Report and Recommendation and the Order adopting the Report and Recommendation was a denial of petitioner's habeas application <u>on the merits</u>, not a dismissal for any failure to exhaust. The undersigned acknowledges the inclusion of the footnote in the Report and Recommendation

where the undersigned noted petitioner's claim that counsel failed to present mitigation testimony was unexhausted. However, based upon a review of the pleadings in the file and on the undersigned's recollection, the footnote was included because petitioner had asserted ineffective assistance of counsel for failing "to call available <u>witnesses</u> at punishment" but had only identified one potential mitigation witness, his nephew, in a subsequent brief. Based on the language in petitioner's habeas application, it was unclear whether petitioner was attempting to assert additional ineffective assistance of counsel claims based upon trial counsel's failure to present mitigation evidence other than petitioner's nephew during the punishment phase.[2] Again, the undersigned addressed, in detail, the merits of petitioner's ineffective assistance of counsel claim for failing to call petitioner's nephew as a witness finding the claim meritless because petitioner offered no evidence of what his nephew would have said if called to the stand or how it would have resulted in petitioner receiving a lesser sentence. Petitioner now attempts to remedy his failure by making an offer of evidence to support his initial habeas application with two affidavits: one asserting what his nephew would have purportedly testified to, and one asserting what his nephew's girlfriend would have said if she had been called. This is an attempt by petitioner to re-litigate a matter already decided by the court, and such re-litigation is not proper in a Rule 60(b) motion. *See Ochoa Canales*, 507 F.3d at 887. Further, such re-litigation would constitute a successive habeas petition.

Petitioner also argued in his brief at both the state and federal level that the jury "may have sentenced me to less time if they heard some mitigation testimony." Pet. Br. at 20. This claim suffers from the same infirmity as petitioner's claim above. Petitioner failed to offer evidence regarding what witnesses counsel should have called, whether those witnesses would have, in fact,

---

[2] In hindsight, the footnote could have been worded more clearly or was unnecessary. Consequently, whether it referenced other potential claims the court may have considered petitioner to be alluding to or even if it was a mistake, it was <u>not</u> and did <u>not</u> constitute the basis for denial of relief.

testified, what those witnesses would have testified to, or how the testimony would have helped petitioner. In his motion to amend, petitioner puts forth the affidavit of his nephew's girlfriend, but a Rule 60(b) motion is not the proper avenue for presenting new evidence for the purpose of re-litigating the merits of a petition which was denied on the merits. Petitioner's motion for relief under Rule 60(b) must fail.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the "Motion for Relief from a Judgment or Order" and the "Motion to Amend Rule 60(b) Motion for Relief from Judgment" filed by petitioner DEWEY MACK EVANS be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __9th__ day of September 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is

eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).